a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHAD COOPER, Plaintiff | CIVIL ACTION NO. 1:18-CV-482-P |
| VERSUS | JUDGE DEE D. DRELL |
| CONCORDIA PARISH CORRECTIONAL, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Chad Cooper ("Cooper"). Cooper is a pretrial detainee incarcerated at the Concordia Parish Correctional Facility in Ferriday, Louisiana. Cooper complains that his constitutional rights were violated by the facility's nurses and Lt. Seyfarth.

Because Cooper cannot establish a constitutional violation or a physical injury, his complaint should be dismissed.

I.  Background

Cooper alleges that he "passed out" in his dorm. (Doc. 1, p. 3). Other inmates notified the officers, who brought a wheelchair and transported Cooper to check his blood pressure. (Doc. 1, p. 3). Cooper was advised that he would see a nurse in the morning. Cooper did not see a nurse until he filed a grievance approximately 10 days later. (Doc. 1, p. 3).

Cooper seeks monetary damages and an apology from the medical staff.

## II. Law and Analysis

### A. Cooper's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Cooper is an inmate who has been allowed to proceed *in forma pauperis*. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Cooper's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Cooper's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Cooper has not alleged deliberate indifference with respect to the delay in medical care.

Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment. Cupit v. Jones, 835 F.2d 82, 84–85 (5th Cir. 1987). To succeed in a § 1983 action based on "episodic acts or omissions" in violation of Fourteenth Amendment rights, a pretrial detainee must show subjective deliberate indifference

2

by the defendants. Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). That is, the plaintiff must show that the official knew of and disregarded a substantial risk of serious harm. See Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." Alton v. Tex. A & M Univ., 168 F.3d 196, 201 (5th Cir. 1999). To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

To establish liability based on a delay in medical treatment, a plaintiff must show deliberate indifference to serious medical needs that resulted in substantial harm. Easter v. Powell, 467 F.3d 459, 464 (5th Cir. 2006). Cooper alleges that, prior to his episode of fainting, he had a cold. When he was examined by the nurse, he was diagnosed with vertigo. (Doc. 1, p. 3). First, it is doubtful that vertigo and a cold amount to a serious medical need. Cf. Diaz v. Martel, 2:10-CV-1388, 2014 WL 3849932, at *14 (E.D. Cal. Aug. 5, 2014) (degenerative disc disease, shoulder tendinitis, and vertigo are serious medical needs); Lemaire v. Maass, 745 F.Supp. 623, 636 n. 8 (D. Ore. 1990), vacated on other grounds, 12 F.3d 1444 (9th Cir. 1993) (depression in combination with epilepsy, hypertension, and vertigo presented serious medical need). Nonetheless, even if Cooper could meet the requirement of a serious medical need, he does not allege deliberate indifference.

A plaintiff can show deliberate indifference by showing that an official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged

3

in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. Cooper complains that he was supposed to see the nurse the day after he fainted. Instead, he saw the nurse 10 days later after filing a grievance. Cooper does not allege that anyone intentionally failed to bring him to the nurse or recklessly withheld medical care.

Regardless, even if Cooper could show a serious medical need and deliberate indifference, he has not alleged that the delay in seeing a nurse resulted in substantial harm. See Williams v. Certain Individual Employees of Texas Dep't of Criminal Justice-Institutional Div. at Jester III Unit, Richmond, Texas, 480 F. App'x 251, 253 (5th Cir. 2010) (severe pain from deprivation of pain medication after leg amputation constitutes substantial harm); Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001) (substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain); Oxendine v. Kaplan, 241 F.3d 1272 (10th Cir. 2001) (substantial harm where portion of finger lost to decay due to delay).

    C.    **Cooper cannot recover monetary damages because he has not alleged a physical injury.**

"No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. The physical injury required by § 1997e(e) must be more than *de minimis*, but need not be significant. See Harper v. Showers, 174 F.3d 716 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997) (bruising and soreness for three days from guard twisting a prisoner's arm and ear was *de minimis* and would not support a claim for mental or

4

emotional suffering)).  Cooper has not alleged that he suffered any physical injury as a result of Defendants' actions.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Cooper's complaint be DENIED and DISMISSED WITH PREJUDICE pursuant to §§ 1915(e)(2) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  18th  day of June, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge